UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC HO NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN VALENDER,<br><br>    Defendants. | No.  2:24-cv-2923 DC AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

### I.     Screening

#### A. Legal Standard

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

1   ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a
2   "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed
3   in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is
4   entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the
5   relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and
6   directly. Fed. R. Civ. P. 8(d)(1).

7   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8   Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
9   court will (1) accept as true all of the factual allegations contained in the complaint, unless they
10  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
11  plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von
12  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
13  denied, 564 U.S. 1037 (2011).

14  The court applies the same rules of construction in determining whether the complaint
15  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
16  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
17  construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
18  less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
19  (1972). However, the court need not accept as true conclusory allegations, unreasonable
20  inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
21  624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
22  to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
23  556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must
24  allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at
25  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
26  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
27  Iqbal, 556 U.S. at 678.

28  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The Complaint

Plaintiff filed suit on October 23, 2024.  ECF No. 1.  The caption of the complaint lists John Valender as the sole defendant, but the body of the complaint lists four additional defendants: Hung Q. Nguyen, Vo Hoang Chan, Lan Thi Nguyen, and Cuony Pham.  ECF No. 1 at 1-3.  Under "Amount in Controversy" plaintiff wrote "Unlimited.  Unknown [unintelligible]."  Id. at 5.  Under "Statement of Claim" plaintiff wrote "accused Ricky Nguyen (Quoc H. Nguyen[)] of killing John Valender.  That I need to be set the record straight."  Id. at 5.  Plaintiff attached a paper stating "In case I Ricky Nguyen passing away please thoroughly check on Quen Nguyen, Mo Nam, Uncle Nam New Mexico and Tien Nguyen Tin Nguyen Frank, Tan Thanh The Lam Long Hue.  In case Tan Thanh Lap passing away and Tan thank the passing away is newly wife of Tan Thank Lap Vo Hoang Chaw Phan Thi Phuong, Phan Hai, Phan Becky, Ering Igarashi.  Incase Trung Passing away and Thug Nguyen is not an Thanh Lap and his wife and couhg Phan."  Id. at 7.

### C. Analysis

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint consists entirely of disconnected statements with no discernable meaning.  See ECF No. 1.  There are no legal claims identified, and to the extent plaintiff is asking the court to check on relatives or is attempting to create a last will and testament by filing a complaint in federal court, plaintiff is informed that filing a lawsuit in federal court cannot create a will, and the court cannot check on relatives.  The contents of the complaint are sufficiently unintelligible as to make it clear that leave to amend in this case would not be fruitful.   The undersigned will therefore recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

////

////

    D. <u>No Leave to Amend</u>

While a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, leave to amend is not appropriate here because amendment would be futile. See <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). No amendment can cure the fact that there is no legal claim available to plaintiff based on the allegations of the complaint. Further, the contents of the complaint make it clear that leave to amend would not result in a viable pleading. Accordingly, the complaint should be dismissed without leave to amend.

## II.   Pro Se Plaintiff's Summary

Your motions to proceed without paying the filing fees are being granted, and you do not have to pay the filing fee. However, the Magistrate Judge has determined that your complaint cannot be served because it does not state any legal claim that the court can help with. The Magistrate Judge is recommending that your case be dismissed. You have 21 days to file an objection to this recommendation. The District Judge will make the final decision.

## III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE